UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ORLANDO MARTINEZ, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:10CV33 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1]. Having reviewed the motion, the Court will order the movant to show cause as to why the Court should not dismiss the instant motion as time-barred.

On May 23, 2003, after movant was found guilty of possession with the intent to distribute cocaine, the Court sentenced movant to 151 months' imprisonment and a supervised release term of five (5) years.[1] Movant appealed the conviction to the Eighth Circuit Court of Appeals, and the Eighth Circuit affirmed the conviction on March 2, 2004. Movant's petition for rehearing by the panel was denied on April 16, 2004. Movant failed to file petition for writ of certiorari with the United States

---

[1]The judgment was amended due to correct clerical errors on July 21, 2003 and April 4, 2008.

Supreme Court.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide

notice to the movant. Id.

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. Clay v. United States, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety (90) days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). However, in cases such as this one, when a motion for rehearing was filed, the judgment becomes final on the date the motion for rehearing is denied, or, if rehearing is granted, from the subsequent entry of the judgment. Supreme Court Rule 13(3); Clay, 537 U.S. at 527, 529. Thus, movant had four hundred fifty-five days (455) from the date his motion for rehearing was denied to file the present motion to vacate.

In this case, the judgment became final on April 16, 2004 - the date movant's motion for rehearing was denied. As a result, the one-year period of limitations under § 2255 expired on or about February 8, 2006, almost three years prior to the filing of this action.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to proceed in forma pauperis [Doc. #2] is **DENIED** without prejudice, as the Court requires no filing fee

to pursue an action under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion to vacate, set aside or correct sentence as time-barred. Movant's failure to timely respond to this Order will result in the denial of the instant motion and the dismissal of this action.

Dated this 24th day of February, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE